UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: Darrell S. Morris } | Case Number: 08-10748 |
| Debtor } | Chapter 13 |
| } | |
| Select Portfolio Servicing, Inc. } | |
| Movant } | |
| vs. } | |
| } | |
| Darrell S. Morris } | |
| Debtor } | |

## MOTION FOR RELIEF FROM STAY

To the HONORABLE Judge Arthur N. Votolato, Bankruptcy Judge:

Select Portfolio Servicing, Inc. (hereinafter the "Movant") a secured creditor in the above captioned matter hereby moves this Court for Relief from the Automatic Stay, and for leave to foreclose on a certain mortgage encumbering the property of the Debtor which is located at 94 Reservoir Road, Glocester, RI 02814 pursuant to Bankruptcy Rules 4001 and 9001, and Title 11 U.S.C. §362 of the Bankruptcy Code.

In support of this motion, the Movant avers to the following:

1. The Movant, Select Portfolio Servicing, Inc., has a business address of 3815 South West Temple, Salt Lake City, UT 84115.

2. The Debtor, Darrell S. Morris, has a mailing address of 94 Reservoir Road, Glocester, Rhode Island 02814.

3. On or about March 18, 2008, the Debtor filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of Rhode Island.

4. The Movant is the holder of a mortgage on real estate located at 94 Reservoir Road, Glocester, Rhode Island 02814 in the original amount of $999,999.00 given by Charles Morris and Darrell Morris to Credit Suisse Financial Corporation on September 22, 2006. Said mortgage was recorded with the Land Evidence Records for the Town of Glocester.

5. Said Mortgage secures a Note given to Credit Suisse Financial Corporation from Charles Morris and Darrell Morris on September 22, 2006 in the original amount of $999,999.00.

6. There is no other collateral securing the Debtor's obligations to the Movant.

7. The Debtor is in default of the terms of said Note and Mortgage by failing to make the necessary mortgage payments to the Movant.

8. As of June 19, 2008, the principal balance due to the Movant on the Note was approximately $995,973.31. Furthermore, as of that date, the full amount of the Movant's claim, together with allowable post-petition interest, is approximately $1,075,804.52, plus reasonable attorney's fees, court costs and other recoverable expenses secured by the Mortgage.

9. The fair market value of the subject property is $1,000,000.00. This is the figure stated by the Debtor in his petition. The estimated liquidation value of the property, calculated by deducting the approximate reasonable and necessary expenses from the fair market value, yields the amount of $880,000.00.

10. As of the date of the filing of this motion, the Movant has not received the required post-petition mortgage payments due for April, May and June 2008. As of the date of the filing of this motion the Debtor owes three (3) mortgage payments of $6,396.71 each. The total mortgage payments owed equals $19,190.13. There are three (3) late charges in the amount of $319.83 each. The total late charges equal $959.49   These amounts equal the sum of $20,149.62.   That amount plus legal fees, appraisal fees, and other costs due pursuant to the terms and conditions of the mortgage equal a total post petition arrearage of $20,699.62.

11. That the Movant is entitled to relief from stay:

    (i) Pursuant to 11 U.S.C. §362 (d) (1) for cause, because the Debtor has not made the post-petition mortgage payments, and that the Debtor has failed to provide the movant with adequate protection;

    (ii) Pursuant to 11 U.S.C. §362 (d) (2) on the basis that the subject property is not necessary for an effective reorganization, and because the Debtor has failed to make the required mortgage payments as set forth in his proposed Plan for reorganization.

WHEREFORE, the movant prays that this Honorable Court:

(i) Grant Select Portfolio Servicing, Inc., its successors and/or assigns relief from the automatic stay for the purpose of exercising its rights under its agreements with the Debtor and under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises, and bringing such actions, including, without limitation, summary process proceedings to evict any persons residing on the premises, as are permissible by law; and/or in the alternative,

(ii) Order the Debtor to provide the Movant with adequate protection of its claim,

(iii) Waive the ten (10) day stay provided for in Rule 4001(a)(3) and allow relief to enter effective on the date that the Order is signed; and

(iv) Grant such other and further relief as this Honorable Court deems meet and just.

Dated: June 19, 2008

Respectfully submitted,
Select Portfolio Servicing, Inc.
By its Attorney

/s/ William M. Walsh
LAW OFFICES OF JAMES J. CARUOLO
William M. Walsh (Bar No. 1773)
33 College Hill Road, Building 15
Warwick, RI 02886
(401) 828-7100 Telephone
(401) 828-7102 Facsimile

**Within ten (10) days after service as evidenced by the certification and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Bankruptcy Court Clerk's Office, 380 Westminster Mall, 6th Floor, Providence, RI 02903. (401) 528-4477.  If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and will be granted unless; (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**